**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

TAMMI GLADYS CAMACHO,

Defendant-Appellant.

No.   17-50171

DC No. CR 16-769 JFW

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted March 9, 2018
Pasadena, California

Before:   TASHIMA and NGUYEN, Circuit Judges, and SIMON,[**] District Judge.

As defendant Tammi Camacho passed through the security checkpoint at

Los Angeles International Airport, the x-ray machine alerted Transportation

Security Administration ("TSA") officer Elaine Benedict that Camacho had an

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The Honorable Michael H. Simon, United States District Judge for the District of Oregon, sitting by designation.

oversized liquid, gel, or aerosol container in her bag, prompting a required secondary search. During this secondary search, Benedict picked up an unsealed, folded envelope. Benedict felt a hard mass inside the envelope and thought it might be something hazardous. To be sure that it was not such an item, Benedict looked inside the envelope for about fifteen seconds and found multiple IDs and credit cards with different names. Camacho was arrested for identity theft-related crimes.

Camacho moved to suppress the evidence from the envelope, arguing that Benedict exceeded the appropriate scope of the administrative search. The district court rejected Camacho's request for an evidentiary hearing on the motion to suppress and denied the motion. Camacho appeals both decisions. We affirm.

**1.** Camacho first contends that she was entitled to an evidentiary hearing on her motion to suppress because of: (1) contradictions between Benedict's account of the search and the video recording of the search; and (2) contradictions between Benedict's initial statements about the search and a later-filed declaration. Neither argument convinces us that the district court abused its discretion in declining to hold an evidentiary hearing. *See United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012).

2

The district court is required "to conduct an evidentiary hearing when the moving papers filed in connection with a pre-trial suppression motion show that there are contested issues of fact relating to the lawfulness of a search." *United States v. Mejia*, 69 F.3d 309, 318 (9th Cir. 1995) (citing *United States v. Walczak*, 783 F.2d 852, 857 (9th Cir.1986)). Camacho did not establish a contested issue of fact.

First, by not raising the issue below, Camacho waived the argument that the video recording contradicted Benedict's account of the search. *See United States v. Murillo*, 288 F.3d 1126, 1135 (9th Cir. 2002) (citing *United States v. Wright*, 215 F.3d 1020, 1026 (9th Cir. 2000)). Regardless, the video is consistent with Benedict's statements about the search.

Second, while Benedict's initial statements about the search and her later-filed declaration are not identical, the disparities are not contradictory. Specifically, Benedict first noted that she felt a hard mass in the envelope and thought it could be "something hazardous." Later, in her declaration she stated that she thought the hard mass may have been "an initiator for an explosive" or "a knife." Therefore, Benedict's declaration simply provided a more specific description of her previous statement. The district court did not abuse its discretion in concluding that there was no issue of contested fact.

3

**2.**     Camacho next contends that Benedict exceeded the scope of a valid airport screening search by looking inside the envelope and reading the names on the ID cards.  Benedict did not exceed the permissible scope of a screening search and the district court did not err in denying Camacho's motion to suppress.

"[A]irport screening searches, like the one at issue here, are constitutionally reasonable administrative searches because they are 'conducted as part of a general regulatory scheme in furtherance of an administrative purpose, namely, to prevent the carrying of weapons or explosives aboard aircraft, and thereby to prevent hijackings.'"  *United States v. Aukai*, 497 F.3d 955, 960 (9th Cir. 2007) (en banc) (quoting *United States v. Davis*, 482 F.2d 893, 908 (9th Cir.1973)).  To be constitutional, "the individual screener's actions [must] be no more intrusive than necessary to determine the existence or absence of explosives."  *United States v. McCarty*, 648 F.3d 820, 831 (9th Cir. 2011) (citing *United States v. $124,570 U.S. Currency*, 873 F.2d 1240, 1245 (9th Cir. 1989)).

Here, Benedict's decision to look in the unsealed envelope, after feeling a hard mass in it and concluding that it could contain something hazardous, was not more intrusive than necessary.  *See id.* at 836 ("[T]he scope of the permissible search . . . [is] defined by the point at which the screener [is] convinced the bag pose[s] no threat to airline safety.").  We reject Camacho's assertion that TSA

4

officers are only allowed to search for the specific item that the x-ray machine detected in the first place and must ignore other potential safety issues.

Likewise, Benedict's action of thumbing through the cards in the envelope was not unreasonable, even though she read the names on them. First, hazardous materials such as blades or "sheet explosives" could be hidden between the cards. *See id.* Second, whereas the TSA officer in *McCarty* conceded that she was no longer searching for safety hazards when she read the letters at issue in that case, *see id.*, Benedict consistently maintained that she was searching for safety hazards. Noticing that the ID cards had different names is distinguishable from reading letters for the purpose of collecting evidence of illegality.[1]

∙  ●  ∙

The judgment of the district court is **AFFIRMED**.

---

[1]    Camacho also contends that the district court's finding that the video evidence corroborated Benedict's account of the search was clearly erroneous. For the reasons stated above, Camacho waived this argument. Nevertheless, after reviewing the video, we disagree with Camacho. The district court's interpretation of the video was not clear error.